## NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――

№ 23-CV-5490 (RER) (MMH)

―――――――――――

Gregory Miles

versus

Deputy Williams, et al.

―――――――――――

**MEMORANDUM & ORDER**

March 15, 2025

―――――――――――

**RAMÓN E. REYES, JR., United States District Judge:**

*Pro se* plaintiff Gregory Miles ("Plaintiff" or "Miles") alleges that certain conditions of his confinement at the hands of defendants Captain Regina Williams, Correction Officer Danielle O'Neal, Captain Katrina Davis, and Legal Coordinator Antonio Frazier ("Frazier") (collectively, "Defendants") violated his constitutional rights. Before the Court is Frazier's motion to dismiss.[1] After carefully reviewing the record, and for the reasons set forth herein, Frazier's motion to dismiss is GRANTED and this case is DISMISSED.

## BACKGROUND

Plaintiff is currently incarcerated at the Attica Correctional Facility. (*See* Incarcerated Lookup, https://nysdoccslookup.doccs.ny.gov/, BOP No. 24B1236 (last

---

[1] Defendants Captain Regina Williams, Captain Katrina Davis, and Correction Officer Danielle O'Neal have not been served with process. (ECF No. 30 at n.1). Nevertheless, the Court will construe Frazier's motion as applicable to all Defendants.

visited 2/26/2025)). Before being transferred to Attica, Miles was assigned to Mental Health Housing at the New York City Department of Correction's ("DOC") Otis Bantum Correctional Center ("OBCC") on Rikers Island. (ECF No. 1 ("Compl.") at 2, 3).

Plaintiff filed his initial complaint on July 5, 2023, alleging violations of his constitutional rights under 42 U.S.C. §1983 due to the conditions of his confinement at OBCC in June and July of 2023. (Compl. at 4). On August 10, 2023, United States District Judge Rachel P. Kovner dismissed the Complaint without prejudice for failure to "plead sufficient factual content to allow the Court to draw the reasonable inference that defendant is liable for the misconduct alleged." (Order dated 8/10/2023).

Plaintiff filed a first amended complaint on August 7, 2023, alleging constitutional violations that allegedly occurred between July 30 and August 6, 2023. (ECF No. 11 ("FAC") at 7). Miles filed a second amended on September 22, 2023, alleging violations that presumably occurred sometime between the date of his FAC and September 22, 2023. (ECF No. 12 ("SAC")). On October 25, 2023, Plaintiff sought leave to include additional factual allegations concerning his previously filed amendments. (ECF No. 13). Subsequently, Judge Kovner granted Miles's two motions for an extension of time to amend his complaint, *nunc pro tunc*, and construed Miles's second amended complaint and October 25th letter "as supplementing the first amended complaint." (Order dated 12/20/2023).[2] On January 11, 2024, the case was reassigned to the undersigned. (Order Dated 1/11/2024).

Considering his various amendments and factual supplementations, Plaintiff claims that he: (1) did not receive lunch until about 3:10 P.M. on August 6, 2023; (2) had

---

[2] Miles subsequently submitted two additional letters which the Court does not construe as attempts to amend his claims. (ECF Nos. 16 and No. 32).

2

no access to bathroom or water facilities while in the prison yard; (3) experienced a delay in payment for a "SPA" (suicide watch) task he completed; (4) was served a cold meal on August 7, 2023; (5) did not receive responses to his prior grievances; (6) experienced a delay in transmission of funds from his prison account to his family; (7) was deprived of fresh air and sunlight; and (8) waited more than two weeks for information from the law library. (FAC at 4, 7, 10; SAC at 3).

On June 14, 2024, Frazier moved to dismiss all of Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 30). Frazier argues that Miles did not fully exhaust his administrative remedies prior to filing suit, and that none of his factual allegations, even if true, rise to the level of an objectively serious deprivation of his Fourteenth Amendment rights. To date, Plaintiff has not filed a response to Frazier's motion, despite being ordered to do so. (Order dated 9/9/2024).

## **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a motion to dismiss is unopposed, the "sufficiency of a complaint" is a legal question the court may resolve on the pleadings. *Johnson v. Santiago*, 624 F. Supp. 3d 295, 298 (E.D.N.Y. 2022) (quoting *James v. John Jay Coll. of Crim. Justice*, 776 F. App'x 723, 724 (2d Cir. 2019) (citations omitted)). All inferences are drawn in favor of the non-movant, and *pro se* papers are afforded a liberal construction to raise the strongest arguments they suggest. *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006);

*Felder v. United States Tennis Ass'n*, 27 F.4th 834, 841 (2d Cir. 2022). The court cannot assume the existence of facts not pleaded or accept the truth of speculations. *Id.*

## DISCUSSION

Miles's claims are dismissed because (1) he did not fully exhaust his administrative remedies prior to filing suit and there are no exceptions that would excuse him from doing so, and (2) the incidents alleged do not rise to the level of an objectively serious deprivation of his Fourteenth Amendment rights.[3]

I. <u>Plaintiff Did Not Exhaust His Administrative Remedies</u>

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust available administrative remedies *before* pursuing claims under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002) (applying this requirement to "all inmate suits about prison life"). To properly exhaust administrative remedies, an inmate must *complete* the administrative process in accordance with the facility's rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 89 (2006); *Burgos v. Craig*, 307 F. App'x 469, 470 (2d Cir. 2008) ("[exhaustion] must be completed before suit is filed."); *Williams v. City of New York*, No. 03–CV–5342 (RWS), 2005 WL 2862007, at *10 (S.D.N.Y. Nov.1, 2005). The DOC has established a multi-step administrative

---

[3] Miles complains that the conditions of his confinement violated his Eighth Amendment right to be free from cruel and unusual punishment. A pretrial detainee's claims of unconstitutional conditions of confinement, however, are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight Amendment. *Benjamin v. Fraser*, 343 F.3d 35, 49 (2d Cir. 2003), overruled on other grounds by *Caiozzo v. Koreman*, 581 F.3d 63, 70 (2d Cir. 2009); *see also City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). A pretrial detainee's rights are "at least as great as the Eighth Amendment protections available to a convicted prisoner." *Id.* at 244.

remedies process–Inmate Grievance Resolution Program ("IGRP")–that inmates must complete to satisfy the PLRA's exhaustion requirement.[4] The IGRP process requires that the inmate submit a grievance in writing or by phone, and then if not satisfied with the resolution, go through several levels of appeals to the facility's commanding officer, the Central Office Review Committee, and then the Board of Correction. *See, e.g., Pierre-Louis v. Martinez*, No. 12-cv-2240 (NGG) (LB), 2014 WL 4161960 at *3 (E.D.N.Y. Aug. 18, 2014).

Exhaustion of administrative remedies is generally an affirmative defense that the defendant bears the burden of proving. *E.g., Jones*, 549 U.S. at 216; *McCoy v. Goord*, 255 F. Supp. 2d 233, 247-48 (S.D.N.Y. 2003). Inmates are "not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216. However, dismissal may be appropriate "where [the] failure to exhaust is clear on the face of the complaint." *Brinson v. Kirby Forensic Psych. Ctr.*, No. 16-CV-1625 (VSB), 2018 WL 4680021, at *6 (S.D.N.Y. Sept. 28, 2018) (citations omitted). Here, Frazier argues that Miles did not fully exhaust the IGRP process prior to filing his claims in federal court, and such failure is clear on the face of the various pleadings and supplements. (ECF No. 30 at 5-11). The Court agrees.

Plaintiff filed his initial grievance on July 5, 2023. (Compl. at 4). He filed his initial complaint in federal court that same day. (Compl. at 6). Miles filed another grievance on August 6, 2023, concerning alleged unlawful conditions of confinement that occurred on July 30, 2023, and August 6, 2023. ((ECF No. 11 at 7). Miles's FAC, however, is dated

---

[4] The Court takes judicial notice of the IGRP procedures, which have been described in numerous judicial opinions. *See, e.g., Mamon v. N.Y. City Dep't of Corr.*, No. 10–CV–8055 (NRB), 2012 WL 260287, at *3 n. 4 (S.D.N.Y. Jan. 27, 2012); *Swanston v. Dep't of Corr.*, No. 11–CV–1219 (CM), 2011 WL 5105489, at *2 (S.D.N.Y. Oct. 27, 2011).

5

August 7, 2023, only one day after he filed the related grievance. (*Id.*).  Plaintiff's SAC was filed on September 22, 2023, and involved grievance he filed only a few weeks earlier. (ECF No. 12). Where an inmate files a federal action within mere days or a few weeks of an alleged incident, it is evident from the face of the complaint that the inmate has failed to exhaust his administrative remedies. *E.g.*, *Amaker v. Bradt*, 745 F. App'x 412, 413 (2d Cir. 2018) (holding that plaintiff could not have exhausted where "he filed the complaint at issue here 11 days after filing the grievance"); *Gayot v. Perez*, No. 16-CV-8871, 2018 WL 6725331, at *6 (S.D.N.Y. Dec. 21, 2018) (holding that plaintiff could not have exhausted all administrative remedies that where his appeal occurred seven days after filing of the initial complaint); *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 581-82 (S.D.N.Y. 2015) (dismissing complaint when action commenced ten days after incident); *Perez v. City of N.Y.*, No. 14 Civ. 07502 (LGS), 2015 WL 3652511, at *3 (S.D.N.Y. June 11, 2015) (dismissing complaint because only six days had elapsed between date of alleged incident and filing of complaint); *Pierre-Louis*, 2014 WL 4161960, at *4 (dismissing complaint where three weeks elapsed between date of alleged incident and filing of complaint); *Price v. City of New York*, No. 11–CV–6170 (TPG), 2012 WL 3798227, at *3 (S.D.N.Y. Aug. 30, 2012) (same). Clearly, Miles did not fully exhaust his administrative remedies prior to filing suit in this Court.

Exceptions to the administrative exhaustion requirement exist where: (1) "it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue"; (2) "the administrative process would be incapable of granting relief"; or (3) "pursuing agency review would subject plaintiffs to undue prejudice." *Washington v. Barr*, 925 F.3d 109, 118–19 (2d Cir. 2019) (citations omitted).

6

Plaintiff has not pleaded any facts that allow the Court to find exhaustion would be futile. While Miles claims he did not receive responses to his grievances, and that an officer responded to his complaints with, "OH WELL!" (FAC at 7), these allegations are not enough to show futility. *See Myers v. City of New York*, No. 11 Civ. 8525 (PAE), 2012 WL 3776707, at *5 (S.D.N.Y. Aug. 29, 2012) (being told "that filing a grievance was a waste of his time [is] insufficient to excuse him from having to file a grievance."); *Barlow v. Mayor of New York City*, No. 19-CV-6786 (KAM) (JO), 2021 WL 3793773, at *4 (E.D.N.Y. Aug. 26, 2021) (failure to respond is not enough without significant delay). There is no indication here that exhaustion would be futile either because of bias or predetermination, that the nature of Miles's claims could not be addressed by the grievance process, and Miles has not pleaded any facts that show agency review would subject him to undue prejudice. The recognized exceptions to the administrative exhaustion requirement do not exist here.

II.     <u>Miles's Factual Allegations Do Not Rise to the Level of a Constitutional Violation</u>

To properly state a Fourteenth Amendment claim based on unlawful conditions of confinement, a pretrial detainee must allege that: (1) objectively, the deprivation he suffered was "sufficiently serious that he was denied the minimal civilized measure of life's necessities," and (2) subjectively, the defendant official acted with "a sufficiently culpable state of mind ..., such as deliberate indifference to inmate health or safety." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir.2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (internal quotation marks omitted). To meet the objective prong, a plaintiff must show that the conditions of confinement . . . pose an unreasonable risk of

7

serious damage to his physical or mental health. *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013).[5]

The Court will not tarry long on Miles specific allegations but suffice it to say that he does not allege conditions of confinement that satisfy the objective prong of the Fourteenth Amendment standard. The short delay in receiving lunch on August 6, 2023, or receiving a cold meal on August 7, 2023, are hardly the stuff of a Fourteenth Amendment violation. The lack of access to bathroom facilities and water while engaging in a short period of recreation in the prison yard, or deprivation of one hour or sunlight, is similarly constitutionally deficient. The slight delay in receiving payment for prison work, the delay in transmission of funds from his prison account to his family, and the two-week delay in receiving information from the law library, the same. None of these things, when viewed objectively, rise to the level of a constitutional violation.

## CONCLUSION

For the reasons set forth above, Frazier's motion to dismiss is GRANTED.

As Plaintiff has twice been given leave to amend, further amendment will be denied as it could not reasonably be expected to cure the defects that warrant dismissal. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore, *in forma*

---

[5] "[C]onditions of confinement may be aggregated to rise to the level of a constitutional violation, but 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Walker, 717 F.3d at 125 (quoting Wilson v. Seiter, 501 U.S. 294, 304 (1991)). Here, Miles alleges disparate conditions of confinement that do not have "a mutually enforcing effect that produces the deprivation of a single, identifiable human need." *Walker*, 717 F.3d at 125. Accordingly, the Court will not aggregate Miles's alleged unconstitutional conditions of confinement in its analysis of whether Miles's Fourteenth Amendment rights were violated.

8

*pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S.438, 444–45 (1962).

The Clerk of the Court is respectfully directed to close the case, mail a copy of this Memorandum and Order to Plaintiff, and note the mailing on the docket.

SO ORDERED.

Hon. Ramón E. Reyes, Jr.  Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2025.03.15 17:00:16 -04'00'

_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: March 15, 2025
      Brooklyn, NY